**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY DAVIS, | ) | FILED: AUGUST 25, 2008 |
| | ) | 08CV4826 |
| Plaintiff, | ) | No.    JUDGE ASPEN |
| | ) | MAGISTRATE JUDGE COX |
| vs. | ) | Judge   YM |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, and | ) | |
| Chicago Police Officer | ) | |
| JOHN DOE, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4.      Plaintiff is a resident of Chicago, Illinois.

5.      The identity of Defendant JOHN DOE is currently unknown.

6.      Defendant JOHN DOE is a duly appointed and sworn Chicago police officer. At all times relevant to this Complaint, Defendant JOHN DOE was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

7.      JOHN DOE is sued in his individual capacity.

8.      Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of JOHN DOE.

**Facts**

9.      On or about April 5, 2007, at approximately 9 p.m., Plaintiff was visiting a friend, Courtney Jones, at Mr. Jones's house at or near 917 North Leamington in Chicago.

10.     Police officers had raided a house across the street from Mr. Jones's house. There were numerous police cars parked on the street.

11.     A crowd gathered across the street from the house that was raided.

12.     Defendant JOHN DOE mistakenly identified Plaintiff as "Randall," and he yelled for Randall (whom DOE believed was Plaintiff) to come over to the other side of the street.

13.     Plaintiff and everyone standing near Plaintiff had no idea who DOE was calling to.

14.     DOE approached Plaintiff and began to choke him. DOE grabbed the hood of Plaintiff's hooded sweatshirt and pulled. Plaintiff told DOE that he could not breathe and asked DOE to let him go.

15.     DOE yelled at Plaintiff: "Didn't you hear me call you?" Plaintiff asked DOE who "you" was. DOE told Plaintiff: "I'm talking to you."

16.     DOE slapped Plaintiff and told Plaintiff to shut up.

17.     DOE asked Plaintiff if he wanted to go to jail. He grabbed Plaintiff's right arm and twisted it behind Plaintiff's back to handcuff Plaintiff.

18.     DOE intentionally put the handcuffs on Plaintiff excessively tight which caused Plaintiff further pain and emotional distress.

19.     Plaintiff was seized and not free to leave.

20.     DOE searched Plaintiff. No contraband or evidence of criminal activity was found.

21.     During the search, DOE seized about $300 in United States currency that belonged to Plaintiff. DOE ripped up Plaintiff's $300.

22.     DOE took Plaintiff's wallet out of his back pocket and gave it to one of the other officers.

23.     The officer looked in Plaintiff's wallet and told DOE, "He's not fucking Randall!" DOE asked Plaintiff who he was. Plaintiff explained that he was Anthony Davis, just like his ID indicated.

24.     The officers ran Plaintiff's name and found nothing.

25.     Plaintiff never received his ID back.

26.     The officers drove away.

27.     DOE acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

28.    As a direct and proximate result of the acts described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, and physical pain and suffering.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

29.    Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

30.    DOE stopped and seized Plaintiff.

31.    DOE did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

32.    The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against JOHN DOE,

b)    Award Plaintiff compensatory and punitive damages,

c)    Award attorneys' fees and costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

33.    Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

34.    DOE violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against JOHN DOE,

b)    Award Plaintiff compensatory and punitive damages,

c)    Award attorneys' fees and costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

### COUNT III
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

35.     The acts of JOHN DOE described in the above claims were willful and wanton, and committed in the scope of employment.

36.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from JOHN DOE's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify JOHN DOE for any judgment entered in this case arising from their actions.


**Jury Trial Demanded**


                                        Respectfully submitted,

                                        /s/ Lawrence V. Jackowiak
                                        *Counsel for the Plaintiff*


Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595